# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0503V
### Filed: January 11, 2018
UNPUBLISHED

JANIS POOL,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*William Patrick Ronan, III, The Ronan Law Firm, Overland Park, KS, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 25, 2016, Janis Pool ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered left arm and hand pain, numbness, and weakness, as well as a decreased range of motion in her neck as a result of a tetanus diphtheria ("Td") vaccine she received on November 11, 2014.  Petition at 1, 7. On July 18, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  (ECF No. 33.)

On November 10, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 37.)   Petitioner requests attorneys' fees in the amount of $21,945.00 and attorneys' costs in the amount of $265.00.  (*Id.* at 7.)  In compliance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

#9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 9.)  Thus, the total amount requested is $22,813.53.

Respondent filed no timely response.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,813.53[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William P. Ronan, III.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent's response was due by November 24, 2017.  See ECF No. 37.  On January 11, 2018, respondent filed Respondent's Response to Petitioner's Application for Fees and Costs 48 days past time.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.